# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-cr-310 (RCL) |
| ) | |
| NATHAN ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case comes before the Court on Mr. Robinson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons stated below, his motion shall be denied.

### II. BACKGROUND

On December 15, 2011, Mr. Robinson and several co-defendants were charged with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. § 846. Mr. Robinson was also charged with five counts of unlawfully using a communication facility in violation of 21 U.S.C. § 843(b), one count of unlawful possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and one count of unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

The defendants moved to suppress several categories of evidence, including wiretap evidence. This Court denied those motions. *United States v. Savoy*, 883 F. Supp. 2d 101 (D.D.C. 2012). Thereafter, the defendants, including Mr. Robinson entered guilty pleas. Mr. Robinson's co-defendants entered conditional guilty pleas under which they reserved their right to appeal this Court's denial of their motion to suppress wiretap evidence. Mr. Robinson's plea agreement did

1

not contain such a reservation. On November 29, 2012, Mr. Robinson was sentenced to a term of eight years imprisonment, followed by four years of supervised release. Mr. Robinson did not file an appeal. Mr. Robinson's co-defendants, however, filed appeals and, on April 8, 2016, the United States Court of Appeals for the District of Columbia Circuit found that the wiretap authorization forms in this case were facially insufficient by failing to identify the individual high-level Justice Department official who authorized the underlying wiretap application, and reversed this Court's denial of the motions to suppress wiretap evidence. *United States v. Scurry*, 821 F.3d 1, 5 (D.C. Cir. 2016).

The case was remanded to this Court and on September 12, 2016, the government filed unopposed motions to dismiss the cases as to defendants Robert Dion Savoy, Terrence Demon Hudson, Jerome Johnson, and James Brown. These motions were granted on September 28, 2016 and the above named defendants were ordered to be released. Approximately one month later, on October 27, 2016, Mr. Robinson filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that he was denied the effective assistance of counsel when his counsel failed to note an appeal, despite Mr. Robinson's request to do so.

### III. LEGAL STANDARDS

"A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

#### A. Statute of Limitations

When Congress enacted the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), it imposed fixed time limit on collateral attacks on a judgment of conviction.

Collateral attacks, including Section 2255 motions, are thus subject to a one year limitations period, which generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

The limitations period may, however, also run from the latest of the following, if any are later than the date the judgment of conviction became final:

1. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(2)–(4).

### B. Ineffective Assistance of Counsel

To succeed in an ineffective assistance of counsel claim, a defendant must show both deficient performance and prejudice, *i.e.*, (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 689, 694 (1984). To demonstrate deficient performance, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

## IV. ANALYSIS

The judgment of conviction for Mr. Robinson was imposed by this Court on November 29, 2012. He did not file a notice of appeal within fourteen days, nor did the government file a notice

of appeal within thirty days, as required by Federal Rule of Appellate Procedure 4(b)(1). Therefore, the judgment of conviction became final when these time periods expired on December 29, 2012. The government correctly argues that under AEDPA, Mr. Robinson had until December 29, 2013 to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Therefore, because Mr. Robinson did not file his motion until October 27, 2016, and because none of the other three circumstances in 28 U.S.C. § 2255(f)(2)–(4) are applicable, Mr. Robinson's petition should be dismissed as untimely.

Even if the Court construes Mr. Robinson's *pro se* motion as alleging that 28 U.S.C. § 2255(f)(3)—which states that the limitations period shall run from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence—applies to his claims, his motion must still be denied. As explained above, Mr. Robinson's co-defendants filed an appeal on which they prevailed and, as a result, their convictions were vacated and they were released from prison. It was not until April 8, 2016 that the Court of Appeals issued its opinion regarding the wiretap evidence, reversed this Court's denial of the motions to suppress wiretap evidence, and remanded the case for further proceedings. Mr. Robinson then filed his motion on October 27, 2016, within one year of that decision. Even if the Court construes Mr. Robinson's motion as arguing that he could not have discovered certain facts supporting his claims—*i.e.*, that the wiretap applications were facially insufficient and could not be used to support convictions in this case—until after this opinion was issued, and that he then filed his motion within the limitations period after discovering these facts, the Court nonetheless finds that Mr. Robinson has failed to demonstrate ineffective assistance of counsel. He argues that his counsel's performance was deficient because his counsel did not file a notice of appeal despite Mr. Robinson's specific request to do so. However, under the specific terms of Mr. Robinson's

plea agreement, he was precluded from filing an appeal except in certain circumstances as he had waived that right. The plea agreement states as follows:

> Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client is aware that in the event that sentence is imposed upon consideration of the Sentencing Guidelines rather than in accordance with paragraph four, the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. **Your client agrees to waive the right to appeal the sentence in this case, or the manner in which it was determined, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provision of U.S.S.G. § 5K2.0, or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).** In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement. Your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.

Robinson Plea Agreement ¶ 13, ECF No. 235 (emphasis added). Thus, unlike his co-defendants who reserved their right to appeal the wiretap issue, Mr. Robinson waived his right to appeal unless he was sentenced to a period of imprisonment longer than the statutory maximum or the Court departed upward from the applicable Guidelines range. Neither of those situations occurred.

Mr. Robinson's counsel's performance cannot be considered deficient on the basis that he declined to file a notice of appeal when the plea agreement specifically precluded him from doing so. Thus, Mr. Robinson's "argument fails the first prong of *Strickland* because counsel does not perform deficiently by declining to pursue a losing argument." *United States v. Watson*, 717 F.3d 196, 198 (D.C. Cir. 2013). Accordingly, the Court finds that Mr. Robinson in any event was not denied the effective assistance of counsel when his counsel did not file a notice of appeal on Mr. Robinson's behalf.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Robinson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is without merit. A separate Order accompanies this Memorandum Opinion.

Date: August 9, 2017

Royce C. Lamberth
United States District Judge